**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- x

                :

                :

AUTOMATED TRANSACTIONS LLC,      :    Civil Action No. 13-CV-1155

                :

     *Plaintiff*,            :

                :    **JURY TRIAL DEMANDED.**

     - v. -              :

                :

M & T BANK CORPORATION,       :

                :

     *Defendant.*         :

                :

                :

------------------------------------------------------------------------- x

## COMPLAINT

Plaintiff Automated Transactions LLC ("Automated Transactions") alleges as follows:

## PARTIES

1.      Automated Transactions is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

2.      Upon information and belief, M & T Bank Corporation ("M & T") is a state chartered natural person credit union with a principal place of business at One M & T Plaza, Buffalo, NY 14203.

## NATURE OF ACTION

3.      This is an action for patent infringement pursuant to 35 U.S.C. §101, et. seq.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338.

5.      Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400(b).

## FIRST CLAIM FOR RELIEF

6.       On August 18, 2009, U.S. Patent No. 7,575,158 (the "'158 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '158 patent is attached hereto as Exhibit A.

7.      By license, Automated Transactions is the exclusive licensee of the '158 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

8.      The '158 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1.  An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising:
>
> an automated teller machine;
>
> a user interface to the automated teller machine;
>
> means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;
>
> an Internet interface to an Internet connection to the automated teller machine that uses encryption services and security services to provide the user access to the user interface and retail ATM service; and
>
> access to the automated teller machine user interface whereupon the consumer may selectively dispense currency using the

integrated banking and transaction machine providing the retail
ATM service;

wherein the consumer can purchase access to the retail ATM
service through use of the user interface and Internet services
connections.

2.  The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with cash.

3.  The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with bills.

11. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a credit card.

12. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a debit card.

13. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a stored value card.

15. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with an identification card

9.      M & T is using ATMs within this judicial district which incorporate every

element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or

indirectly infringing at least the above claims of the '158 patent, either literally or under the

doctrine of equivalents, and is liable for infringement of the '158 patent pursuant to 35 U.S.C.

§271.

10.     M & T was made aware of the '158 patent and M & T's infringement thereof by

filing a Complaint and providing a non-service courtesy copy thereof.

11.     M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '158 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of the user interface and Internet service connections. M & T is therefore liable for inducing infringement of the '158 patent pursuant to 35 U.S.C. §271.

12.     M & T's actions in infringing the '158 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

13.     M & T's infringement of the '158 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '158 patent by M & T will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

14.     On October 6, 2009, U.S. Patent No. 7,597,248 (the "'248 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '248 patent is attached hereto as Exhibit B.

15.     By license, Automated Transactions is the exclusive licensee of the '248 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

16.     The '248 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 5, 11-13 and 15 state as follows:

1.  An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising:

an automated teller machine;

a user interface to the automated teller machine;

means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;

network services to financial network connections to the automated teller machine that uses encryption services and security services to provide the user access to the user interface and retail ATM service; and

access to the automated teller machine user interface whereupon the consumer may selectively dispense cash using the integrated banking and transaction machine providing the retail ATM service;

wherein the consumer can purchase access to the retail ATM service through use of the user interface and financial network connections.

2.  The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.

3.  The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.

5.  The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with currency.

11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

17.      M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '248 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '248 patent pursuant to 35 U.S.C. §271.

18.      M & T was made aware of the '248 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

19.      M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '248 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of the user interface and financial network connections. M & T is therefore liable for inducing infringement of the '248 patent pursuant to 35 U.S.C. §271.

20.      M & T's actions in infringing the '248 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

21.     M & T's infringement of the '248 patent has caused and continues to cause
irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement
of the '248 patent by M & T will continue unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF

22.     On October 13, 2009, U.S. Patent No. 7,600,677 (the "'677 patent") was duly
and legally issued to David M. Barcelou. A true and correct copy of the '677 patent is attached
hereto as Exhibit C.

23.     By license, Automated Transactions is the exclusive licensee of the '677 patent
with the right to sue for past and future infringement and collect damages therefore in its own
name.

24.     The '677 patent discloses and claims, among other things, integrated banking and
transaction machines. Claims 1-3, 5, 11-13 and 15 state as follows:

> 1.  An integrated banking and transaction machine for use by a
> consumer to purchase access to retail ATM services, comprising:
>
> an automated teller machine;
>
> a user interface to the automated teller machine;
>
> means for identifying the user to the automated teller machine,
> further comprising a smart card/magnetic stripe reader/encoder and
> a sensor;
>
> an Internet interface to the World Wide Web to the automated
> teller machine that uses encryption services and security services
> to provide the user access to the user interface and retail ATM
> service; and
>
> access to the automated teller machine user interface whereupon
> the consumer may selectively dispense currency using the
> integrated banking and transaction machine providing the retail
> ATM service;

wherein the consumer can purchase access to the retail ATM service through use of the user interface and World Wide Web connections.

2. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.

3. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.

5. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with currency.

11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

25.     M & T is using ATMs within this judicial district which incorporate every

element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or

indirectly infringing at least the above claims of the '677 patent, either literally or under the

doctrine of equivalents, and is liable for infringement of the '677 patent pursuant to 35 U.S.C.

§271.

26.     M & T was made aware of the '677 patent and M & T's infringement thereof by

filing a Complaint and providing a non-service courtesy copy thereof.

27.     M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '677 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of the user interface and World Wide Web connections. M & T is therefore liable for inducing infringement of the '677 patent pursuant to 35 U.S.C. §271.

28.     M & T's actions in infringing the '677 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

29.     M & T's infringement of the '677 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '677 patent by M & T will continue unless enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**

30.      On April 20, 2010, U.S. Patent No. 7,699,220 (the "'220 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '220 patent is attached hereto as Exhibit D.

31.     By license, Automated Transactions is the exclusive licensee of the '220 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

32.     The '220 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 41-43, 48, 50 and 88 state as follows:

1.  An automated retail terminal for use by a consumer to purchase from a banking or commercial ATM provider, cash access services, comprising:

an automated teller machine;

an Internet interface to the automated teller machine for providing the user with services for immediately realizing access to dispensable currency;

a user interface to the automated teller machine;

means for identifying the user to the automated teller machine;

network services to the automated teller machine that include encryption services, security services and at least one ATM network connection;

and means for selectively dispensing at least one form of dispensable currency using the automated teller machine video command or control touchscreen;

where the consumer may purchase cash access services through the use of the user interface and the ATM network connection, in combination with Intranet services, Internet services or the World Wide Web on the Internet.

2.  The automated retail terminal according to claim 1, further comprising means for accepting cash, checks or removable media deposits.

3.  The automated retail terminal according to claim 1, further comprising means for check cashing by use of coins, cash or encoding devices.

41. The automated retail terminal for use by a consumer to purchase from a banking or commercial ATM provider cash access services according to claim 1, where, the consumer may consummate the purchase by means of the use of a credit card.

42. The automated retail terminal for use by a consumer to purchase from a banking or commercial ATM provider cash access services according to claim 1, where, the consumer may consummate the purchase by means of the use of a debit card.

43. The automated retail terminal for use by a consumer to purchase from a banking or commercial ATM provider cash access services according to claim 1, where, the consumer may consummate the purchase by means of the use of a stored value card.

48. The automated retail terminal for use by a consumer to purchase from a banking or commercial ATM provider cash access services according to claim 1, where, the consumer may consummate the purchase by means of the use of an identification card.

50. The automated retail terminal for use by a consumer to purchase from a banking or commercial ATM provider cash access services according to claim 1, where, the consumer may consummate the purchase by means of the use of a check cashing service.

88. Integrated banking and transaction apparatus for use by a consumer, comprising:

an automated teller machine; and

means for providing a retail transaction to the consumer through an Internet interface and an Intranet service to the automated teller machine.

33.    M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '220 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '220 patent pursuant to 35 U.S.C. §271.

34.    M & T was made aware of the '220 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

35.    M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement

to infringe the above claims of the '220 patent, either literally or under the doctrine of

equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM

services through the use of the user interface and Internet service connections. M & T is

therefore liable for inducing infringement of the '220 patent pursuant to 35 U.S.C. §271.

36.     M & T's actions in infringing the '220 patent have been, and continue to be,

willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making

this an exceptional case within the meaning of 35 U.S.C. §285.

37.     M & T's infringement of the '220 patent has caused and continues to cause

irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement

of the '220 patent by M & T will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

38.      On August 11, 2009, U.S. Patent No. 7,571,850 (the "'850 patent") was duly and

legally issued to David M. Barcelou. A true and correct copy of the '850 patent is attached

hereto as Exhibit E.

39.     By license, Automated Transactions is the exclusive licensee of the '850 patent

with the right to sue for past and future infringement and collect damages therefore in its own

name.

40.     The '850 patent discloses and claims, among other things, integrated banking and

transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1. An integrated banking and transaction machine for use by a
> consumer to purchase access to retail ATM services, comprising:
> an automated teller machine;
>
> a user interface to the automated teller machine; means for
> identifying the user to the automated teller machine, further
> comprising a smart card/magnetic stripe reader/encoder and a
> sensor;

an Internet interface to an Intranet connection to the automated
teller machine that uses encryption services and security services
to provide the user access to the user interface and retail ATM
service;
and access to the automated teller machine user interface
whereupon the consumer may selectively dispense encodable
credit using the integrated banking and transaction machine
providing the retail ATM service;

wherein the consumer can purchase access to the retail ATM
service through use of the user interface, Intranet and Internet
connections.

2. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with cash.

3. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with bills.

11. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a credit card.

12. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a debit card.

13. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a stored value card.

15. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with an identification card.

41.     M & T is using ATMs within this judicial district which incorporate every

element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or

indirectly infringing at least the above claims of the '850 patent, either literally or under the

doctrine of equivalents, and is liable for infringement of the '850 patent pursuant to 35 U.S.C. §271.

42.    M & T was made aware of the '850 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

43.    M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '850 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of the user interface, Intranet and Internet service connections. M & T is therefore liable for inducing infringement of the '850 patent pursuant to 35 U.S.C. §271.

44.    M & T's actions in infringing the '850 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

45.    M & T's infringement of the '850 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '850 patent by M & T will continue unless enjoined by this Court.

**SIXTH CLAIM FOR RELIEF**

46.    On September 22, 2009, U.S. Patent No. 7,591,420 (the "'420 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '420 patent is attached hereto as Exhibit F.

47.     By license, Automated Transactions is the exclusive licensee of the '420 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

48.     The '420 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1. An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising: an automated teller machine;
>
> a user interface to the automated teller machine;
>
> means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;
>
> an Internet interface to an Intranet connection to the automated teller machine that uses encryption services and security services to provide the user access to the user interface and retail ATM service;
>
> and access to the automated teller machine user interface whereupon the consumer may selectively dispense encodable currency using the integrated banking and transaction machine providing the retail ATM service;
>
> wherein the consumer can purchase access to the retail ATM service through use of the user interface, Intranet and Internet connections.
>
> 2. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.
>
> 3. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.
>
> 11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

49.    M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '420 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '420 patent pursuant to 35 U.S.C. §271.

50.    M & T was made aware of the '420 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

51.    M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '420 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of the user interface, Intranet and Internet service connections. M & T is therefore liable for inducing infringement of the '420 patent pursuant to 35 U.S.C. §271.

52.     M & T's actions in infringing the '420 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

53.     M & T's infringement of the '420 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '420 patent by M & T will continue unless enjoined by this Court.

### SEVENTH CLAIM FOR RELIEF

54.      On October 6, 2009, U.S. Patent No. 7,597,251 (the "'251 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '251 patent is attached hereto as Exhibit G.

55.     By license, Automated Transactions is the exclusive licensee of the '251 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

56.     The '251 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1. An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising: an automated teller machine;
>
> a user interface to the automated teller machine;
>
> means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;
>
> network services to wireless network connections to the automated teller machine that use encryption services and security services to provide the user access to the user interface and retail ATM service;

and access to the automated teller machine user interface
whereupon the consumer may selectively dispense cash using the
integrated banking and transaction machine providing the retail
ATM service;

wherein the consumer can purchase access to the retail ATM
service through use of the user interface and wireless network
connections.

2. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with cash.

3. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with bills.

11. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a credit card.

12. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a debit card.

13. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with a stored value card.

15. The integrated banking and transaction machine according to
claim 1, further comprising means for consummating the purchase
with an identification card.

57.    M & T is using ATMs within this judicial district which incorporate every

element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or

indirectly infringing at least the above claims of the '251 patent, either literally or under the

doctrine of equivalents, and is liable for infringement of the '251 patent pursuant to 35 U.S.C.

§271.

58.    M & T was made aware of the '251 patent and M & T's infringement thereof by

filing a Complaint and providing a non-service courtesy copy thereof.

59.     M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '251 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of the user interface and wireless network connections. M & T is therefore liable for inducing infringement of the '251 patent pursuant to 35 U.S.C. §271.

60.     M & T's actions in infringing the '251 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

61.     M & T's infringement of the '251 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '251 patent by M & T will continue unless enjoined by this Court.

**EIGHTH CLAIM FOR RELIEF**

62.      On November 17, 2009, U.S. Patent No. 7,617,973 (the "'973 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '973 patent is attached hereto as Exhibit H.

63.     By license, Automated Transactions is the exclusive licensee of the '973 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

64.     The '973 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

1. An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising: an automated teller machine;

a user interface to the automated teller machine;

means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;

network services to Intranet services connections to the automated teller machine that use encryption services and security services to provide the user access to the user interface and retail ATM service;

and access to the automated teller machine user interface whereupon the consumer may selectively dispense currency using the integrated banking and transaction machine providing the retail ATM service;

wherein the consumer can purchase access to the retail ATM service through use of the user interface and Intranet services connections.

2. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.

3. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.

11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

65.     M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '973 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '973 patent pursuant to 35 U.S.C. §271.

66.     M & T was made aware of the '973 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

67.     M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '973 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of network services. M & T is therefore liable for inducing infringement of the '973 patent pursuant to 35 U.S.C. §271.

68.     M & T's actions in infringing the '973 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

69.     M & T's infringement of the '973 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '973 patent by M & T will continue unless enjoined by this Court.

## NINTH CLAIM FOR RELIEF

70.    On November 24, 2009, U.S. Patent No. 7,621,444 (the "'444 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '444 patent is attached hereto as Exhibit I.

71.    By license, Automated Transactions is the exclusive licensee of the '444 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

72.    The '444 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1. An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising: an automated teller machine;
>
> a user interface to the automated teller machine;
>
> and means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;
>
> network services to banking network connections to the automated teller machine that use encryption services and security services to provide the user access to the user interface and retail ATM service;
>
> and access to the automated teller machine user interface whereupon the consumer may selectively dispense cash using the integrated banking and transaction machine providing the retail ATM service;
>
> wherein the consumer can purchase access to the retail ATM service through use of the user interface and banking network connections.
>
> 2. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.

3. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.

11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

73.     M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '444 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '444 patent pursuant to 35 U.S.C. §271.

74.     M & T was made aware of the '444 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

75.     M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '444 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM

services through the use of network services. M & T is therefore liable for inducing infringement of the '444 patent pursuant to 35 U.S.C. §271.

76.     M & T's actions in infringing the '444 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

77.     M & T's infringement of the '444 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '444 patent by M & T will continue unless enjoined by this Court.

## TENTH CLAIM FOR RELIEF

78.      On September 14, 2010, U.S. Patent No. 7,793,830 (the "'830 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '830 patent is attached hereto as Exhibit J.

79.     By license, Automated Transactions is the exclusive licensee of the '830 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

80.     The '830 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1. An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising: an automated teller machine;
>
> a user interface to the automated teller machine;
>
> means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;

an Internet interface to the automated teller machine that uses encryption services and security services to provide the user access to the user interface and retail ATM service;

and access to the automated teller machine user interface whereupon the consumer may selectively dispense currency using the integrated banking and transaction machine providing the retail ATM service;

wherein the consumer can purchase access to the retail ATM service through use of the user interface and the Internet interface.

2. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.

3. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.

11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

81.   M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '830 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '830 patent pursuant to 35 U.S.C. §271.

82.     M & T was made aware of the '830 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

83.     M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '830 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of the user interface and Internet service connections. M & T is therefore liable for inducing infringement of the '830 patent pursuant to 35 U.S.C. §271.

84.     M & T's actions in infringing the '830 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

85.     M & T's infringement of the '830 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '830 patent by M & T will continue unless enjoined by this Court.

## ELEVENTH CLAIM FOR RELIEF

86.     On September 28, 2010, U.S. Patent No. 7,802,718 (the "'718 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '718 patent is attached hereto as Exhibit K.

87.     By license, Automated Transactions is the exclusive licensee of the '718 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

88.     The '718 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1. An integrated banking and transaction machine for use by a consumer to purchase access to retail automated teller machine services, comprising: an automated teller machine;
>
> a user interface to the automated teller machine;
>
> an identification device for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;
>
> an Internet interface to an Intranet connection to the automated teller machine that uses encryption services and security services to provide the user access to the user interface and retail automated teller machine service;
>
> and access to the automated teller machine user interface whereupon the consumer may selectively dispense bills and/or coins using the integrated banking and transaction machine providing the retail automated teller machine service;
>
> wherein the consumer can purchase access to the retail automated teller machine service through use of the user interface, Intranet and Internet connections.
>
> 2. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.

3. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.

11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

89.     M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '718 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '718 patent pursuant to 35 U.S.C. §271.

90.     M & T was made aware of the '718 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

91.     M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '718 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM

services through the use of the user interface, Intranet and Internet service connections. M & T is therefore liable for inducing infringement of the '718 patent pursuant to 35 U.S.C. §271.

92.     M & T's actions in infringing the '718 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

93.     M & T's infringement of the '718 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '718 patent by M & T will continue unless enjoined by this Court.

## TWELTH CLAIM FOR RELIEF

94.     On November 23, 2010, U.S. Patent No. 7,837,101 (the "'101 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '101 patent is attached hereto as Exhibit L.

95.     By license, Automated Transactions is the exclusive licensee of the '101 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

96.     The '101 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1. An integrated banking and transaction machine for use by a consumer to purchase access to retail automated teller machine services, comprising: an automated teller machine;
>
> a user interface to the automated teller machine;
>
> means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor;
> network services to satellite network connections to the automated teller machine that use encryption services and security services to

provide the user access to the user interface and retail ATM service;

and access to the automated teller machine user interface whereupon the consumer may selectively dispense cash using the integrated banking and transaction machine providing the retail ATM service;

wherein the consumer can purchase access to the retail automated teller machine service through use of the user interface and satellite network connections.

2. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.

3. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.

11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

97.    M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '101 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '101 patent pursuant to 35 U.S.C. §271.

98.     M & T was made aware of the '101 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

99.     M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '101 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of network services. M & T is therefore liable for inducing infringement of the '101 patent pursuant to 35 U.S.C. §271.

100.     M & T's actions in infringing the '101 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

101.     M & T's infringement of the '101 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '101 patent by M & T will continue unless enjoined by this Court.

## THIRTEENTH CLAIM FOR RELIEF

102.     On March 13, 2012, U.S. Patent No. 8,132,714 (the "'714 patent") was duly and legally issued to David M. Barcelou. A true and correct copy of the '714 patent is attached hereto as Exhibit M.

103.     By license, Automated Transactions is the exclusive licensee of the '714 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

104.    The '714 patent discloses and claims, among other things, integrated banking and

transaction machines. Claims 1-3, 11-13 and 15 state as follows:

>    1. An integrated banking and transaction machine for use by a
>    consumer to purchase access to retail ATM services, comprising:
>    an automated teller machine; a user interface to the automated
>    teller machine; means for identifying the user to the automated
>    teller machine, further comprising a smart card/magnetic stripe
>    reader/encoder and a sensor; network services to Internet services
>    connections to the automated teller machine that use encryption
>    services and security services to provide the user access to the user
>    interface and retail ATM service; and access to the automated
>    teller machine user interface whereupon the consumer may
>    selectively dispense currency using the integrated banking and
>    transaction machine providing the retail ATM service; wherein the
>    consumer can purchase access to the retail ATM service through
>    use of the user interface and Internet services connections.
>
>    2. The integrated banking and transaction machine according to
>    claim 1, further comprising means for consummating the purchase
>    with cash.
>
>    3. The integrated banking and transaction machine according to
>    claim 1, further comprising means for consummating the purchase
>    with bills.
>
>    11. The integrated banking and transaction machine according to
>    claim 1, further comprising means for consummating the purchase
>    with a credit card.
>
>    12. The integrated banking and transaction machine according to
>    claim 1, further comprising means for consummating the purchase
>    with a debit card.
>
>    13. The integrated banking and transaction machine according to
>    claim 1, further comprising means for consummating the purchase
>    with a stored value card.
>
>    15. The integrated banking and transaction machine according to
>    claim 1, further comprising means for consummating the purchase
>    with an identification card.

105.    M & T is using ATMs within this judicial district which incorporate every

element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or

indirectly infringing at least the above claims of the '714 patent, either literally or under the

doctrine of equivalents, and is liable for infringement of the '714 patent pursuant to 35 U.S.C.

§271.

106.    M & T was made aware of the '714 patent and M & T's infringement thereof by

filing a Complaint and providing a non-service courtesy copy thereof.

107.    M & T also provides the above ATMs for use by customers and others within this

judicial district, and provides those customers and others with detailed explanations, instructions

and information as to arrangements, applications and uses of these ATMs that promote and

demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement

to infringe the above claims of the '714 patent, either literally or under the doctrine of

equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM

services through the use of network services to Internet services connections. M & T is therefore

liable for inducing infringement of the '714 patent pursuant to 35 U.S.C. §271.

108.    M & T's actions in infringing the '714 patent have been, and continue to be,

willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making

this an exceptional case within the meaning of 35 U.S.C. §285.

109.    M & T's infringement of the '714 patent has caused and continues to cause

irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement

of the '714 patent by M & T will continue unless enjoined by this Court.

## FOURTEENTH CLAIM FOR RELIEF

110.    On March 13, 2012, U.S. Patent No. 8,132,715 (the "'715 patent") was duly and

legally issued to David M. Barcelou. A true and correct copy of the '715 patent is attached

hereto as Exhibit N.

111.    By license, Automated Transactions is the exclusive licensee of the '715 patent with the right to sue for past and future infringement and collect damages therefore in its own name.

112.    The '715 patent discloses and claims, among other things, integrated banking and transaction machines. Claims 1-3, 11-13 and 15 state as follows:

> 1. An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising: an automated teller machine; a user interface to the automated teller machine; means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a sensor; an Internet interface to an Intranet connection to the automated teller machine that uses encryption services and security services to provide the user access to the user interface and retail ATM service; and access to the automated teller machine user interface whereupon the consumer may selectively dispense digital cash using the integrated banking and transaction machine providing the retail ATM service; wherein the consumer can purchase access to the retail ATM service through use of the user interface, Intranet and Internet connections.

> 2. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with cash.

> 3. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with bills.

> 11. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a credit card.

> 12. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a debit card.

> 13. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with a stored value card.

15. The integrated banking and transaction machine according to claim 1, further comprising means for consummating the purchase with an identification card.

113.    M & T is using ATMs within this judicial district which incorporate every element of the above claims or substantial equivalents thereof. Therefore, M & T is directly or indirectly infringing at least the above claims of the '715 patent, either literally or under the doctrine of equivalents, and is liable for infringement of the '715 patent pursuant to 35 U.S.C. §271.

114.    M & T was made aware of the '715 patent and M & T's infringement thereof by filing a Complaint and providing a non-service courtesy copy thereof.

115.    M & T also provides the above ATMs for use by customers and others within this judicial district, and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner. These acts constitute inducement to infringe the above claims of the '715 patent, either literally or under the doctrine of equivalents, whenever a customer uses one of the above ATMs to purchase access to retail ATM services through the use of an Internet interface to an Intranet connection. M & T is therefore liable for inducing infringement of the '715 patent pursuant to 35 U.S.C. §271.

116.    M & T's actions in infringing the '715 patent have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions, making this an exceptional case within the meaning of 35 U.S.C. §285.

117.    M & T's infringement of the '715 patent has caused and continues to cause irreparable harm to Automated Transactions in an amount to be proven at trial. The infringement of the '715 patent by M & T will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Automated Transactions prays for judgment against M & T as follows:

1) Declaring M & T has infringed United States Patent No. 7,575,158;

2) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with tem, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,575,158;

3) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,575,158 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

4) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions;

5) Declaring M & T has infringed United States Patent No. 7,597,248;

6) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,597,248.

7) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,597,248 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

8) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions;

9) Declaring M & T has infringed United States Patent No. 7,600,677;

10) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,600,677.

11) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,600,677 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

12) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions;

13) Declaring M & T has infringed United States Patent No. 7,699,220;

14) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,699,220.

15) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,699,220 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

16) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

17) Declaring M & T has infringed United States Patent No. 7,571,850;

18) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,571,850.

19) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,571,850 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

20) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

21) Declaring M & T has infringed United States Patent No. 7,591,420;

22) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,591,420.

23) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,591,420 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

24) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

25) Declaring M & T has infringed United States Patent No. 7,597,251;

26) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,597,251.

27) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,597,251 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

28) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

29) Declaring M & T has infringed United States Patent No. 7,617,973;

30) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,617,973.

31) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,617,973 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

32) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

33) Declaring M & T has infringed United States Patent No. 7,621,444;

34) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,621,444.

35) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,621,444 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

36) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

37) Declaring M & T has infringed United States Patent No. 7,793,830;

38) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,793,830.

39) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,793,830 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

40) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

41) Declaring M & T has infringed United States Patent No. 7,802,718;

42) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,802,718.

43) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,802,718 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

44) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

45) Declaring M & T has infringed United States Patent No. 7,837,101;

46) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 7,837,101.

47) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 7,837,101 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

48) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

49) Declaring M & T has infringed United States Patent No. 8,132,714;

50) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 8,132,714.

51) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 8,132,714 including treble damages, to Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

52) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

53) Declaring M & T has infringed United States Patent No. 8,132,715;

54) Permanently enjoining M & T, its officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement, contributory infringement and/or inducing infringement of United States Patent No. 8,132,715.

55) Awarding lost profits or a reasonable royalty and other damages arising from M & T's infringement of United States Patent No. 8,132,715 including treble damages, to

Automated Transactions, together with prejudgment and post-judgment interest, in an amount according to proof;

56) This case be declared an "exceptional case" within the meaning of 35 U.S.C. §285 and awarding treble damages and reasonable attorneys' fees to Automated Transactions.

57) Awarding Automated Transactions such other and further relief as the Court deems just and proper.

58) Awarding Automated Transactions such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues.

Dated:  November 25, 2013

   *s/ Brian P. Crosby*_____
Brian P. Crosby, Esq.
Robert G. Scumaci, Esq.
Gibson, McAskill & Crosby, LLP
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone:  (716) 856-4200
Facsimile:   (716) 856-4013

*Attorneys for Plaintiff Automated
Transactions LLC*

Of Counsel:
Tannenbaum Helpern
Syracuse & Hirschtritt LLP
Albert L. Jacobs, Jr.
Gerard F. Diebner
John Murray
900 Third Avenue
New York, New York 10022
(212) 508-6700